UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LEVON SPAULDING a/k/a JOHN SCOTT,

              Petitioner,                               **TRANSFER ORDER**
                                                                                15-CV-6490 (RRM)

            - against -

UNITED STATES OF AMERICA, et al.

              Respondents.
-----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       On November 10, 2015, *pro se* petitioner Levon Spaulding, currently incarcerated at Hyde Correctional Institution in Fairfield, North Carolina,[1] filed this submission seeking relief under Federal Rule of Civil Procedure 60(b). Specifically, petitioner seeks to vacate judgments entered by the state court in North Carolina and by the United States District Court for the Eastern District of North Carolina. In 1992, petitioner was sentenced and convicted in Robeson County Superior Court in North Carolina. The North Carolina Court of Appeals affirmed the conviction. *See North Carolina v. Spaulding*, 110 N.C. App. 492, 430 S.E.2d 704 (N.C. 1993). Petitioner subsequently filed multiple applications for a writ of habeas corpus that were denied or dismissed by the Eastern District of North Carolina. Petitioner's motion seeking reconsideration under Rule 60(b) was also denied by the Eastern District of North Carolina. *Spaulding v. United States*, 589 F. App'x 221 (4th Cir. 2015). Petitioner now seeks relief from this Court, including a motion for change of venue.

       Petitioner has alleged no connection to the state of New York, let alone this district, and none of the relevant events that petitioner includes in his complaint and motion for change of

---

[1] Petitioner was held in the Brown Creek Correctional Institution in Polkton, North Carolina when he commenced this action. According to the North Carolina Department of Public Safety Offender Public Information website, petitioner was transferred to the Hyde Correctional Institution in Fairfield, North Carolina on December 31, 2015. The Clerk of Court is respectfully directed to update the docket accordingly.

venue occurred in New York. The crimes that he was convicted of occurred in North Carolina. His conviction and sentencing occurred in North Carolina, and his appeal and habeas petitions were filed and decided in North Carolina. Petitioner is currently being held in North Carolina. The Court can find no reason why venue in this district would be appropriate.

"Although Plaintiff's choice of forum is ordinarily entitled to some deference, 'where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter, plaintiff's choice of forum is entitled to no weight whatever, and transfer of venue is appropriate.'" *Phipps v. State of New York*, No. 07-CV-1330, 2007 WL 1541368, at *1 (E.D.N.Y. May 25, 2007) (quoting *Pierce v. Coughlin,* 806 F. Supp. 426, 429 (S.D.N.Y. 1992) (internal quotation marks and citations omitted)). While petitioner is dissatisfied with the outcome of his prosecution, trial, and subsequent applications in North Carolina, "there is no compelling reason why his case should be heard in this district, at considerable distance from the events giving rise to the lawsuit, and where the other forum is more convenient for all of the parties." *Phipps*, 2007 WL 1541368, at *1; *Reynoso v. Napoli*, No. 08-CV-6406, 2009 WL 764560, at *3 (W.D.N.Y. Mar. 20, 2009) ("Apart from Reynoso's preference to have venue laid in the Western District, the other traditional venue considerations weigh in favor of transfer to the Southern District. Specifically, the Southern District is (1) where all of the material events took place; (2) where the records and witnesses pertinent to petitioner's claim are likely to be found and; (3) a more convenient forum for both the respondent and the petitioner." (internal quotation marks omitted)). This Court declines petitioner's request that it hear claims previously adjudicated by another court of competent jurisdiction.

## **CONCLUSION**

The Clerk of Court is respectfully directed to transfer this case to the United States District Court for the Eastern District of North Carolina. The provision of Rule 83.1 of the Local Rules of the Southern and Eastern Districts of New York requiring a seven day delay is waived.

The Clerk of Court is directed to mail a copy of this order to petitioner, and to close the file.

SO ORDERED.

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
        January 29, 2016